IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 11-00153-HG-1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CARLTON S. NISHIMURA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S APPEAL AND REQUEST TO THE DISTRICT
COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE
MAGISTRATE JUDGE (DOC. 84)
AND
DEFENDANT'S MOTION TO DISMISS THE INDICTMENT
AND THE SUPERSEDING INDICTMENT (DOC. 94)**

Defendant Carlton S. Nishimura is charged with five counts
that include extortion, witness tampering, lying to federal
agents, and possession with intent to distribute methamphetamine.

The Defendant appeals a Magistrate's Order denying access to
the testimony of a grand jury witness and also moves to dismiss
the Indictment and Superseding Indictment alleging they are based
on perjury.

The Defendant's appeal of the Magistrate Judge's Order is
**DENIED**. The requested Grand Jury testimony would not be a basis
for dismissal of the Defendant's Indictment.

The Defendant's Motion to Dismiss the Indictment and
Superseding Indictment is also **DENIED**.  No evidence has been

produced that would warrant production of the Grand Jury
testimony or support dismissal of the Indictment.

**BACKGROUND**

Defendant Carlton S. Nishimura obtained the rank of Major
while with the Honolulu Police Department, City and County of
Honolulu, State of Hawaii.  On February 17, 2011, the Grand Jury
heard testimony from Doni Imose concerning her relationship with
the Defendant and his interactions with her ex-husband Xiang Yun
Yu.  That same day, the Grand Jury returned an Indictment against
the Defendant for alleged misconduct related to his duties as a
police officer.  (Indictment, February 17, 2011 (Doc. 1).)  The
Indictment charged the Defendant and an unnamed "Confidential
Informant" with extorting bribes from an illegal game room in
violation of 18 U.S.C. § 1951, obstructing of justice and witness
tampering in violation of 18 U.S.C. § 1512(b)(3), and lying to
federal investigators in violation of 18 U.S.C. § 1001.  (<u>Id.</u>)
The Confidential Informant is now known to be Doni Imose.  To
date, Imose has not been indicted for her alleged participation
in the Defendant's alleged misconduct.  She is, however, awaiting
sentencing in an unrelated criminal matter in 08-cr-00497.
Defendant Nishimura pleaded not guilty to all charges and is
released on a $50,000 bond.  (Minutes, February 18, 2011 (Doc.
4).)

Shortly after her February 17, 2011 testimony before the

2

Grand Jury, Imose informed her attorney, Pamela Tamashiro, that her testimony before the Grand Jury was untrue. Tamashiro, in an effort to comply with the Rules of Professional Conduct, moved to withdraw as counsel. Tamashiro disclosed the purported perjury to the Court in an affidavit dated May 5, 2011.

Unbeknownst to Tamashiro, Imose also secretly recorded a conversation between herself and Tamashiro. In the recording, Imose expressed her displeasure with Tamashiro's representation and regret about her testimony before the Grand Jury. According to the Defendant, Imose played the recording to the Defendant Nishimura while he was on pretrial release.[1]

On September 29, 2011, the Defendant moved for the production of transcripts, documents, recordings, or other materials related to Imose's Grand Jury testimony. The Defendant stated that he needed these materials to prepare a motion to dismiss the indictment based on Imose's purported perjury.

On November 16, 2011, the United States brought Imose back before the Grand Jury. According to the representations made by the Government, Imose was asked about her statements to Tamashiro and whether she had previously lied to the Grand Jury. Imose

---

[1]While on pretrial release, the Defendant began having an intimate relationship with Imose. The Defendant's relationship with Imose was a clear violation of the conditions of his pretrial release, which included no contact with Imose as she was a witness in the case against him. (See Minutes of Hearing on Order To Show Cause Why Pretrial Release Should Not Be Revoked, December 15, 2011 (Doc. 71).)

testified that what she told Tamashiro was untrue and that her previous testimony before the Grand Jury was, in fact, truthful. According the Government, Imose told Tamashiro that she had lied to the Grand Jury because she considered the Defendant a close friend and "felt bad" about testifying against him.  The Grand Jury, having heard Imose's testimony, returned a Superseding Indictment on November 16, 2011, which included two additional Counts related to a search of the Defendant's residence while he was on pretrial release.[2] (Superseding Indictment (Doc.  44).)

On December 14, 2011, the Magistrate Judge granted in part and denied in part the Defendant's motions for the production of transcripts, documents, recordings, or other materials related to Imose's Grand Jury testimony.  The Magistrate Judge refused to release the Grand Jury transcripts unless the Defendant could establish that Imose committed perjury before the Grand Jury. The Magistrate Judge did order the Government to disclose meetings of Government investigators with Imose and if those meetings resulted in the creation of 302 debriefing forms.

On December 22, 2011, the Defendant filed an appeal of the Magistrate Judge's December 14, 2011 Order.  (DEFENDANT'S APPEAL

---

[2]On January 11, 2012, the Grand Jury returned a Second Superseding Indictment, which reduced the alleged quantity of methamphetamine recovered from the Defendant's residence. (Second Superseding Indictment, January 11, 2012 (Doc. 102).)  The Defendant pleaded not guilty to the Second Superseding Indictment on February 2, 2012.  (Minutes, February 2, 2012 (Doc. 118).)

AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER
DETERMINED BY THE MAGISTRATE JUDGE, December 22, 2011 (Doc. 84).)

On January 4, 2012, the Defendant moved to dismiss the
Indictment and Superseding Indictment. (DEFENDANT'S MOTION TO
DISMISS THE INDICTMENT AND THE SUPERSEDING INDICTMENT, January 4,
2012 (Doc. 94).)

On February 2, 2012, the Court heard argument on the
Defendant's motions and took them under advisement.

**ANALYSIS**

**I. DEFENDANT'S APPEAL OF THE MAGISTRATE JUDGE'S DECEMBER 14,
2011 ORDER IS DENIED**

The Defendant appeals the Magistrate Judge's December 14,
2011 Order (Doc. 68). The Defendant claims that the Government
is not in compliance with the Magistrate Judge's Order and that
the Magistrate Judge incorrectly refused to release Imose's Grand
Jury testimony transcripts.

**(1) The Government Has Complied with the Magistrate Judge's
December 14, 2011 Order**

On December 14, 2011, the Magistrate Judge stated:

Regarding the 302 debriefing forms/reports requested by
Defendant, the Government is ordered to inform
Defendant whether such reports were created or not. In
other words, the Government shall disclose the absence
of 302 forms/reports, if that is the case. If 302
forms/reports were created, they will be disclosed at a
time determined at the Final Pretrial Conference.

(ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION
FOR DISCOVERY OF DOCUMENTS AND OTHER MATERIALS RELATING TO

UNINDICTED COCONSPIRATOR DONI IMOSE'S GRAND JURY TESTIMONY, December 14, 2011, at 2 (Doc. 68).)

During the hearing on February 2, 2012 before this Court, the Defendant claimed that the Government was not in compliance with the Magistrate Judge's Order.

The Government has disclosed to the Defendant that there were several meetings between Imose and Government investigators, and that with the exception of a single meeting, a 302 debriefing form was created for each meeting. The Defendant requests that the Government immediately disclose the time and date of each meeting with Imose. The Magistrate Judge's Order, however, does not require the Government to disclose the time and date of each meeting until the Court orders the production of the 302 forms at a time determined at the Final Pretrial Conference. The Government, therefore, is in compliance with the Magistrate Judge's Order.

### (2) The Magistrate Judge Correctly Denied the Release of Imose's Grand Jury Testimony Transcripts

Grand jury proceedings are presumptively secret. Fed. R. Crim. P. 6(e). The secrecy afforded to grand jury proceedings encourages witnesses to come forth voluntarily and testify fully and frankly, reduces the possibility that those under investigation will flee or attempt to influence grand jurors, and protects individuals from unwarranted public ridicule. United States v. Plummer, 941 F.2d 799, 806 n.4 (9th Cir. 1991).

Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), however, provides that the court may authorize disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

The burden is on the defendant to show that disclosure of grand jury transcripts is appropriate. <u>Pittsburgh Plate Glass Co. v. United States</u>, 360 U.S. 395, 400 (1959). The defendant must show that grand jury transcripts are "[1] needed to avoid a possible injustice in another judicial proceeding, [2] that the need for disclosure is greater than the need for continued secrecy, and [3] that their request is structured to cover only material so needed." <u>Douglas Oil Co. v. Petrol Stops Northwest</u>, 441 U.S. 211, 222 (1979); <u>see</u> <u>Plummer</u>, 941 F.2d at 806. If the Defendant can show "a particularized need for grand jury transcripts that outweighs the need for secrecy," the Court must authorize the disclosure of the transcripts and take steps to ensure extraneous material is kept secret. <u>Plummer</u>, 941 F.2d at 806 (citing <u>Dennis v. United States</u>, 384 U.S. 855, 875 (1966)).

Here, the Defendant has failed to establish the second element, *i.e.*, that "the need for disclosure is greater than the need for continued secrecy[.]" <u>Douglas Oil</u>, 441 U.S. at 222 (emphasis added). The Defendant seeks Imose's Grand Jury testimony transcripts to establish that the Superseding

Indictment is based on perjured testimony and, therefore, should be dismissed. Having reviewed Imose's Grand Jury testimony *in camera*, there is no indication that the disclosure of Imose's Grand Jury testimony transcripts would aid the Defendant in moving to dismiss the indictment. As the Magistrate Judge noted in the December 14, 2011 Order, Imose testified to the Grand Jury that she lied to Tamashiro and that she was truthful in her previous testimony. While Imose's exchange with Tamashiro may impugn her credibility was a witness, it does not establish that she committed perjury. The Magistrate Judge correctly reasoned that unless the Defendant can establish that Imose lied to the Grand Jury, the need to disclose the Grand Jury transcripts does not outweigh the need to maintain secrecy.

The DEFENDANT'S APPEAL AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE (Doc. 84) is **DENIED**. The Magistrate Judge's December 14, 2011 Order (Doc. 68) is **AFFIRMED**.

## II. DEFENDANT'S MOTION TO DISMISS THE INDICTMENT IS DENIED

The Defendant moves to dismiss the Indictment and Superseding Indictment.[3] The Defendant claims that Imose committed perjury before the Grand Jury and that, pursuant to the

---

[3]On January 20, 2012, the Defendant filed an Amendment to his Motion to Dismiss the Indictment and Superseding Indictment, clarifying that his motion equally applies to the Second Superseding Indictment. (Doc. 109.)

Due Process Clause of the Fifth Amendment to the United States Constitution, the indictment must be dismissed.  See <u>United States v. Basurto</u>, 497 F.2d 781, 784-87 (9th Cir. 1974).

As a general matter, "the courts have sharply limited a defendant's ability to challenge the nature of evidence presented to a grand jury."  <u>United States v. Claiborne</u>, 765 F.2d 784, 791 (9th Cir. 1985).  A presumption of regularity shrouds grand jury proceedings.  <u>United States v. Anderson</u>, 532 F.2d 1218, 1222 (9th Cir. 1976).  It is not the role of a judge to evaluate the sufficiency of evidence presented to the grand jury or second guess credibility determinations made by the grand jury.  <u>Bank of Nova Scotia v. United States</u>, 487 U.S. 250 (1988).  "[E]videntiary challenges are best resolved in the adversary arena of a criminal trial."  <u>Claiborne</u>, 765 F.2d at 791.  A duly constituted grand jury's indictment, therefore, will not be disturbed absent the showing of a material constitutional violation.  See <u>United States v. Samango</u>, 607 F.2d 877, 881 (9th Cir. 1979).

In <u>Basurto</u>, the Ninth Circuit Court of Appeals stated that the Due Process Clause of the Fifth Amendment is violated when "a defendant has to stand trial on an indictment which the government knows is based partially on perjured testimony, when the perjured testimony is material, and when jeopardy has not attached."  497 F.2d at 785.  The Ninth Circuit Court of Appeals later clarified that "<u>Basurto</u> does not lay down a *per se* rule

that all perjury before a grand jury is fatal to the indictment."
United States v. Brown, 562 F.2d 1144, 1149 (9th Cir. 1978); see
also United States v. Sitton, 968 F.2d 947, 953-54 (9th Cir.
1992) ("Dismissal of the indictment is not appropriate when a
witness' alleged perjury is not material to the defendant's
indictment and instead affects only the witness' credibility.").
To dismiss an indictment pursuant to Basurto, the defendant must
establish that (1) perjury was committed, (2) the perjury was
material,(3) jeopardy has not attached, and (4) the government
failed to correct the perjury. Basurto, 497 F.2d at 785-87. The
Ninth Circuit Court of Appeals has been clear, however, that
without evidence of perjury before the grand jury, "*no
independent inquiry may be made* to determine the kind of evidence
considered by the grand jury in making its decision." Id. at 785
(emphasis added). In addition, evidence of perjury before the
grand jury cannot be based on speculation. Claiborne, 765 F.2d
at 792.

In this case, the Defendant has failed to establish the
first element. While Imose may have told her former attorney
that she lied to the Grand Jury, she has since recanted and now
maintains that she was truthful. The Government maintains that
no perjury has been committed. Other than the Defendant's
speculation to the contrary, there is no reason to believe that
the Indictment or Superseding Indictment is materially based on

perjured testimony.

In Basurto, the Ninth Circuit Court of Appeals was primarily concerned with the deliberate failure of the prosecutor to correct known perjury before the Grand Jury. Basurto, 497 F.2d at 786 ("We base our decision on a long line of cases which recognize the existence of a duty of good faith on the part of the prosecutor with respect to the court, the grand jury, and the defendant."). Here, there is no indication that the Government conducted itself inappropriately. At the hearing on February 2, 2012, the attorney for the Defendant acknowledged that the Government has not acted in bad faith or been part of any effort to provide the Grand Jury with perjury.

The purpose of the grand jury is to ascertain whether there is probable cause to believe a violation of criminal law has occurred. United States v. Mara, 410 U.S. 19, 48 (1973). The Court does not have the authority to second guess the sufficiency of evidence considered by the grand jury. Costello v. United States, 350 U.S. 359, 363 (1956). In this case, the Grand Jury, a fact-finding body, heard Imose's testimony and determined there was probable cause to return the Superseding Indictment. The Defendant has not presented any evidence, other than evidence that was in fact presented to the Grand Jury for their evaluation, that Imose committed perjury. It would be fundamentally improper, and "run counter to the whole history of

11

the grand jury institution[,]" to disturb a duly constituted grand jury proceeding because the Defendant does not believe one witness's testimony. <u>United States v. Williams</u>, 504 U.S. 36, 54 (1992). The Defendant will have the opportunity to challenge the credibility of Imose's testimony at trial.

It is for this same reason that the Court will not hear further testimony from Imose and Tamashiro at this time. It is unclear how new testimony would be proper. There is no offer of proof of new evidence. The Ninth Circuit Court of Appeals has clearly held that "no independent inquiry may be made to determine the kind of evidence considered by the grand jury in making its decision." <u>Basurto</u>, 497 F.2d at 785. Absent new evidence that clearly demonstrates that Imose committed perjury, *i.e.*, evidence that was never disclosed to the Grand Jury. There is no further action to be taken by this Court.

The DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AND THE SUPERSEDING INDICTMENT (Doc. 94) and Second Superseding Indictment is **DENIED**.

## CONCLUSION

(1)    The DEFENDANT'S APPEAL AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE (Doc. 84) is **DENIED**. The Magistrate Judge's December 14, 2011 Order (Doc. 68) is **AFFIRMED**.

(2)    The DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AND

THE SUPERSEDING INDICTMENT (Doc. 94) and Second

Superseding Indictment is **DENIED**.

IT IS SO ORDERED

DATED: February 9, 2012, Honolulu, Hawaii.



                                        /S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge


United States v. Carlton S. Nishimura, Crim. No. 11-00153-HG-1;
**ORDER DENYING DEFENDANT'S APPEAL AND REQUEST TO THE DISTRICT
COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE
MAGISTRATE JUDGE (DOC. 84) AND DEFENDANT'S MOTION TO DISMISS THE
INDICTMENT AND THE SUPERSEDING INDICTMENT (DOC. 94).**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 11-00153-HG-1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CARLTON S. NISHIMURA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S APPEAL AND REQUEST TO THE DISTRICT
COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE
MAGISTRATE JUDGE (DOC. 84)
AND
DEFENDANT'S MOTION TO DISMISS THE INDICTMENT
AND THE SUPERSEDING INDICTMENT (DOC. 94)**

Defendant Carlton S. Nishimura is charged with five counts
that include extortion, witness tampering, lying to federal
agents, and possession with intent to distribute methamphetamine.

The Defendant appeals a Magistrate's Order denying access to
the testimony of a grand jury witness and also moves to dismiss
the Indictment and Superseding Indictment alleging they are based
on perjury.

The Defendant's appeal of the Magistrate Judge's Order is
**DENIED**. The requested Grand Jury testimony would not be a basis
for dismissal of the Defendant's Indictment.

The Defendant's Motion to Dismiss the Indictment and
Superseding Indictment is also **DENIED**.  No evidence has been

produced that would warrant production of the Grand Jury
testimony or support dismissal of the Indictment.

## BACKGROUND

Defendant Carlton S. Nishimura obtained the rank of Major
while with the Honolulu Police Department, City and County of
Honolulu, State of Hawaii.  On February 17, 2011, the Grand Jury
heard testimony from Doni Imose concerning her relationship with
the Defendant and his interactions with her ex-husband Xiang Yun
Yu.  That same day, the Grand Jury returned an Indictment against
the Defendant for alleged misconduct related to his duties as a
police officer.  (Indictment, February 17, 2011 (Doc. 1).)  The
Indictment charged the Defendant and an unnamed "Confidential
Informant" with extorting bribes from an illegal game room in
violation of 18 U.S.C. § 1951, obstructing of justice and witness
tampering in violation of 18 U.S.C. § 1512(b)(3), and lying to
federal investigators in violation of 18 U.S.C. § 1001.  (Id.)
The Confidential Informant is now known to be Doni Imose.  To
date, Imose has not been indicted for her alleged participation
in the Defendant's alleged misconduct.  She is, however, awaiting
sentencing in an unrelated criminal matter in 08-cr-00497.
Defendant Nishimura pleaded not guilty to all charges and is
released on a $50,000 bond.  (Minutes, February 18, 2011 (Doc.
4).)

Shortly after her February 17, 2011 testimony before the

Grand Jury, Imose informed her attorney, Pamela Tamashiro, that her testimony before the Grand Jury was untrue.  Tamashiro, in an effort to comply with the Rules of Professional Conduct, moved to withdraw as counsel.  Tamashiro disclosed the purported perjury to the Court in an affidavit dated May 5, 2011.

Unbeknownst to Tamashiro, Imose also secretly recorded a conversation between herself and Tamashiro.  In the recording, Imose expressed her displeasure with Tamashiro's representation and regret about her testimony before the Grand Jury.  According to the Defendant, Imose played the recording to the Defendant Nishimura while he was on pretrial release.[1]

On September 29, 2011, the Defendant moved for the production of transcripts, documents, recordings, or other materials related to Imose's Grand Jury testimony.  The Defendant stated that he needed these materials to prepare a motion to dismiss the indictment based on Imose's purported perjury.

On November 16, 2011, the United States brought Imose back before the Grand Jury.  According to the representations made by the Government, Imose was asked about her statements to Tamashiro and whether she had previously lied to the Grand Jury.  Imose

---

[1]While on pretrial release, the Defendant began having an intimate relationship with Imose.  The Defendant's relationship with Imose was a clear violation of the conditions of his pretrial release, which included no contact with Imose as she was a witness in the case against him. (See Minutes of Hearing on Order To Show Cause Why Pretrial Release Should Not Be Revoked, December 15, 2011 (Doc. 71).)

testified that what she told Tamashiro was untrue and that her previous testimony before the Grand Jury was, in fact, truthful. According the Government, Imose told Tamashiro that she had lied to the Grand Jury because she considered the Defendant a close friend and "felt bad" about testifying against him.  The Grand Jury, having heard Imose's testimony, returned a Superseding Indictment on November 16, 2011, which included two additional Counts related to a search of the Defendant's residence while he was on pretrial release.[2]  (Superseding Indictment (Doc.  44).)

On December 14, 2011, the Magistrate Judge granted in part and denied in part the Defendant's motions for the production of transcripts, documents, recordings, or other materials related to Imose's Grand Jury testimony.  The Magistrate Judge refused to release the Grand Jury transcripts unless the Defendant could establish that Imose committed perjury before the Grand Jury. The Magistrate Judge did order the Government to disclose meetings of Government investigators with Imose and if those meetings resulted in the creation of 302 debriefing forms.

On December 22, 2011, the Defendant filed an appeal of the Magistrate Judge's December 14, 2011 Order.  (DEFENDANT'S APPEAL

---

[2]On January 11, 2012, the Grand Jury returned a Second Superseding Indictment, which reduced the alleged quantity of methamphetamine recovered from the Defendant's residence. (Second Superseding Indictment, January 11, 2012 (Doc. 102).)  The Defendant pleaded not guilty to the Second Superseding Indictment on February 2, 2012.  (Minutes, February 2, 2012 (Doc. 118).)

AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER
DETERMINED BY THE MAGISTRATE JUDGE, December 22, 2011 (Doc. 84).)

On January 4, 2012, the Defendant moved to dismiss the
Indictment and Superseding Indictment.  (DEFENDANT'S MOTION TO
DISMISS THE INDICTMENT AND THE SUPERSEDING INDICTMENT, January 4,
2012 (Doc. 94).)

On February 2, 2012, the Court heard argument on the
Defendant's motions and took them under advisement.

**ANALYSIS**

**I.  DEFENDANT'S APPEAL OF THE MAGISTRATE JUDGE'S DECEMBER 14,
2011 ORDER IS DENIED**

The Defendant appeals the Magistrate Judge's December 14,
2011 Order (Doc. 68).  The Defendant claims that the Government
is not in compliance with the Magistrate Judge's Order and that
the Magistrate Judge incorrectly refused to release Imose's Grand
Jury testimony transcripts.

**(1)  The Government Has Complied with the Magistrate Judge's
December 14, 2011 Order**

On December 14, 2011, the Magistrate Judge stated:

Regarding the 302 debriefing forms/reports requested by
Defendant, the Government is ordered to inform
Defendant whether such reports were created or not.  In
other words, the Government shall disclose the absence
of 302 forms/reports, if that is the case.  If 302
forms/reports were created, they will be disclosed at a
time determined at the Final Pretrial Conference.

(ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION
FOR DISCOVERY OF DOCUMENTS AND OTHER MATERIALS RELATING TO

5

UNINDICTED COCONSPIRATOR DONI IMOSE'S GRAND JURY TESTIMONY, December 14, 2011, at 2 (Doc. 68).)

During the hearing on February 2, 2012 before this Court, the Defendant claimed that the Government was not in compliance with the Magistrate Judge's Order.

The Government has disclosed to the Defendant that there were several meetings between Imose and Government investigators, and that with the exception of a single meeting, a 302 debriefing form was created for each meeting. The Defendant requests that the Government immediately disclose the time and date of each meeting with Imose. The Magistrate Judge's Order, however, does not require the Government to disclose the time and date of each meeting until the Court orders the production of the 302 forms at a time determined at the Final Pretrial Conference. The Government, therefore, is in compliance with the Magistrate Judge's Order.

### (2) The Magistrate Judge Correctly Denied the Release of Imose's Grand Jury Testimony Transcripts

Grand jury proceedings are presumptively secret. Fed. R. Crim. P. 6(e). The secrecy afforded to grand jury proceedings encourages witnesses to come forth voluntarily and testify fully and frankly, reduces the possibility that those under investigation will flee or attempt to influence grand jurors, and protects individuals from unwarranted public ridicule. United States v. Plummer, 941 F.2d 799, 806 n.4 (9th Cir. 1991).

Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), however, provides that the court may authorize disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

The burden is on the defendant to show that disclosure of grand jury transcripts is appropriate. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959). The defendant must show that grand jury transcripts are "[1] needed to avoid a possible injustice in another judicial proceeding, [2] that the need for disclosure is greater than the need for continued secrecy, and [3] that their request is structured to cover only material so needed." Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979); see Plummer, 941 F.2d at 806. If the Defendant can show "a particularized need for grand jury transcripts that outweighs the need for secrecy," the Court must authorize the disclosure of the transcripts and take steps to ensure extraneous material is kept secret. Plummer, 941 F.2d at 806 (citing Dennis v. United States, 384 U.S. 855, 875 (1966)).

Here, the Defendant has failed to establish the second element, i.e., that "the need for disclosure is greater than the need for continued secrecy[.]" Douglas Oil, 441 U.S. at 222 (emphasis added). The Defendant seeks Imose's Grand Jury testimony transcripts to establish that the Superseding

7

Indictment is based on perjured testimony and, therefore, should be dismissed. Having reviewed Imose's Grand Jury testimony *in camera*, there is no indication that the disclosure of Imose's Grand Jury testimony transcripts would aid the Defendant in moving to dismiss the indictment. As the Magistrate Judge noted in the December 14, 2011 Order, Imose testified to the Grand Jury that she lied to Tamashiro and that she was truthful in her previous testimony. While Imose's exchange with Tamashiro may impugn her credibility was a witness, it does not establish that she committed perjury. The Magistrate Judge correctly reasoned that unless the Defendant can establish that Imose lied to the Grand Jury, the need to disclose the Grand Jury transcripts does not outweigh the need to maintain secrecy.

The DEFENDANT'S APPEAL AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE (Doc. 84) is **DENIED**. The Magistrate Judge's December 14, 2011 Order (Doc. 68) is **AFFIRMED**.

## II. DEFENDANT'S MOTION TO DISMISS THE INDICTMENT IS DENIED

The Defendant moves to dismiss the Indictment and Superseding Indictment.[3] The Defendant claims that Imose committed perjury before the Grand Jury and that, pursuant to the

---

[3]On January 20, 2012, the Defendant filed an Amendment to his Motion to Dismiss the Indictment and Superseding Indictment, clarifying that his motion equally applies to the Second Superseding Indictment. (Doc. 109.)

Due Process Clause of the Fifth Amendment to the United States Constitution, the indictment must be dismissed.  See <u>United States v. Basurto</u>, 497 F.2d 781, 784-87 (9th Cir. 1974).

As a general matter, "the courts have sharply limited a defendant's ability to challenge the nature of evidence presented to a grand jury."  <u>United States v. Claiborne</u>, 765 F.2d 784, 791 (9th Cir. 1985).  A presumption of regularity shrouds grand jury proceedings.  <u>United States v. Anderson</u>, 532 F.2d 1218, 1222 (9th Cir. 1976).  It is not the role of a judge to evaluate the sufficiency of evidence presented to the grand jury or second guess credibility determinations made by the grand jury.  <u>Bank of Nova Scotia v. United States</u>, 487 U.S. 250 (1988).  "[E]videntiary challenges are best resolved in the adversary arena of a criminal trial."  <u>Claiborne</u>, 765 F.2d at 791.  A duly constituted grand jury's indictment, therefore, will not be disturbed absent the showing of a material constitutional violation.  See <u>United States v. Samango</u>, 607 F.2d 877, 881 (9th Cir. 1979).

In <u>Basurto</u>, the Ninth Circuit Court of Appeals stated that the Due Process Clause of the Fifth Amendment is violated when "a defendant has to stand trial on an indictment which the government knows is based partially on perjured testimony, when the perjured testimony is material, and when jeopardy has not attached."  497 F.2d at 785.  The Ninth Circuit Court of Appeals later clarified that "<u>Basurto</u> does not lay down a *per se* rule

9

that all perjury before a grand jury is fatal to the indictment."
United States v. Brown, 562 F.2d 1144, 1149 (9th Cir. 1978); see
also United States v. Sitton, 968 F.2d 947, 953-54 (9th Cir.
1992) ("Dismissal of the indictment is not appropriate when a
witness' alleged perjury is not material to the defendant's
indictment and instead affects only the witness' credibility.").
To dismiss an indictment pursuant to Basurto, the defendant must
establish that (1) perjury was committed, (2) the perjury was
material,(3) jeopardy has not attached, and (4) the government
failed to correct the perjury. Basurto, 497 F.2d at 785-87. The
Ninth Circuit Court of Appeals has been clear, however, that
without evidence of perjury before the grand jury, "*no
independent inquiry may be made* to determine the kind of evidence
considered by the grand jury in making its decision." Id. at 785
(emphasis added). In addition, evidence of perjury before the
grand jury cannot be based on speculation. Claiborne, 765 F.2d
at 792.

In this case, the Defendant has failed to establish the
first element. While Imose may have told her former attorney
that she lied to the Grand Jury, she has since recanted and now
maintains that she was truthful. The Government maintains that
no perjury has been committed. Other than the Defendant's
speculation to the contrary, there is no reason to believe that
the Indictment or Superseding Indictment is materially based on

perjured testimony.

In <u>Basurto</u>, the Ninth Circuit Court of Appeals was primarily concerned with the deliberate failure of the prosecutor to correct known perjury before the Grand Jury. <u>Basurto</u>, 497 F.2d at 786 ("We base our decision on a long line of cases which recognize the existence of a duty of good faith on the part of the prosecutor with respect to the court, the grand jury, and the defendant."). Here, there is no indication that the Government conducted itself inappropriately. At the hearing on February 2, 2012, the attorney for the Defendant acknowledged that the Government has not acted in bad faith or been part of any effort to provide the Grand Jury with perjury.

The purpose of the grand jury is to ascertain whether there is probable cause to believe a violation of criminal law has occurred. <u>United States v. Mara</u>, 410 U.S. 19, 48 (1973). The Court does not have the authority to second guess the sufficiency of evidence considered by the grand jury. <u>Costello v. United States</u>, 350 U.S. 359, 363 (1956). In this case, the Grand Jury, a fact-finding body, heard Imose's testimony and determined there was probable cause to return the Superseding Indictment. The Defendant has not presented any evidence, other than evidence that was in fact presented to the Grand Jury for their evaluation, that Imose committed perjury. It would be fundamentally improper, and "run counter to the whole history of

the grand jury institution[,]" to disturb a duly constituted grand jury proceeding because the Defendant does not believe one witness's testimony. <u>United States v. Williams</u>, 504 U.S. 36, 54 (1992). The Defendant will have the opportunity to challenge the credibility of Imose's testimony at trial.

It is for this same reason that the Court will not hear further testimony from Imose and Tamashiro at this time. It is unclear how new testimony would be proper. There is no offer of proof of new evidence. The Ninth Circuit Court of Appeals has clearly held that "no independent inquiry may be made to determine the kind of evidence considered by the grand jury in making its decision." <u>Basurto</u>, 497 F.2d at 785. Absent new evidence that clearly demonstrates that Imose committed perjury, *i.e.*, evidence that was never disclosed to the Grand Jury. There is no further action to be taken by this Court.

The DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AND THE SUPERSEDING INDICTMENT (Doc. 94) and Second Superseding Indictment is **DENIED.**

### CONCLUSION

(1) The DEFENDANT'S APPEAL AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE (Doc. 84) is **DENIED.** The Magistrate Judge's December 14, 2011 Order (Doc. 68) is **AFFIRMED.**

(2) The DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AND

THE SUPERSEDING INDICTMENT (Doc. 94) and Second

Superseding Indictment is **DENIED**.

IT IS SO ORDERED

DATED: February 9, 2012, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

United States v. Carlton S. Nishimura, Crim. No. 11-00153-HG-1;
**ORDER DENYING DEFENDANT'S APPEAL AND REQUEST TO THE DISTRICT
COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE
MAGISTRATE JUDGE (DOC. 84) AND DEFENDANT'S MOTION TO DISMISS THE
INDICTMENT AND THE SUPERSEDING INDICTMENT (DOC. 94).**